UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

MALIK WINDSOR,

                               Plaintiff,

- against -

THE CITY OF NEW YORK; POLICE OFFICER ADAM
CONLIN; shield # 7146, tax # 946871, POLICE
OFFICERS JOHN DOES 1-2.

                               Defendants.

---------------------------------------------------------------------x

NOTICE OF REMOVAL

Docket
12CV

ECF Case

Defendant Police Officer Adam Conlin ("P.O. Conlin"), by his attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, upon information and belief, respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as follows:

    1.    On or about July 22, 2013, plaintiff Malik Windsor ("plaintiff") commenced the above-captioned civil action which is currently pending in the Supreme Court of the State of New York, Kings County, under Index No. 13054/13, and of which a trial has not yet been had therein. A copy of the Summons and Complaint is annexed hereto as Exhibit A.

    2.    On July 25, 2013, defendant The City of New York ("the City") received personal service of a copy of plaintiff's summons and complaint, and, on August 14, 2013, an answer was duly interposed.

    3.    On August 28, 2013, defendant P.O. Conlin was purportedly personally served with a copy of the plaintiff's summons and complaint. A copy of Plaintiff's affidavit of service is annexed hereto as Exhibit B.

4.  The complaint alleges that during the evening of February 2, 2013, plaintiff was a passenger in a car located in front of plaintiff's home at 169 East 92nd Street, Brooklyn, NY, when he was approached by defendant P.O. Conlin and two other police officers. See ¶¶ 4, 6 of Exhibit A.

5.  The complaint further alleges that plaintiff, who was engaged in no illegal activity nor acting in a suspicious manner, was approached by these police officers, including defendant P.O. Conlin, solely on the basis of his Black race. See ¶¶ 5, 7 of Exhibit A.

6.  These police officers, including defendant P.O. Conlin, then allegedly arrested plaintiff and took him to the 67th Precinct where plaintiff was falsely charged with an unknown crime and incarcerated him for approximately twenty (20) hours. See ¶¶ 11, 12 and 17 of Exhibit A.

7.  On February 3, 2013, plaintiff was released from custody because the Kings County District Attorney's Office allegedly declined prosecution. See ¶ 15 of Exhibit A.

8.  As a result of the aforementioned alleged police officers misconduct, including defendant P.O. Conlin, plaintiff is alleging deprivation of his civil and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. See ¶ 1 of Exhibit A.

9.  Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441.

10. This Notice of Removal is timely filed because it is made within thirty (30) days from the time defendant P.O. Conlin received a copy of the Summons and Complaint. See, Allen v. Mattingly, 478 Fed. Appx. 712, 713 (2d Cir. N.Y. 2012).

11. Furthermore, since the state law claims within Plaintiff's complaint arise out of a common nucleus of operative facts, namely, the allegedly condoned police conduct involved during plaintiff's alleged false arrest and malicious prosecution, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is appropriate. 28 U.S.C. § 1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979).

12. 28 U.S.C. § 1446(b)(2)(A) further provides that, where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, see, Park v. McGowan, 2011 U.S. Dist. LEXIS 121128 (E.D.N.Y. 2011), although separate consents are not required for those defendants who are represented by the same attorney. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 212 (E.D.N.Y. 2007).

13. In the instant matter, since both defendants the City and P.O. Conlin are represented by the New York City Law Department, by the filing of the within Notice of Removal, defendant the City has expressly provided its consent through counsel for defendant P.O. Conlin to remove this action to the United States District Court of the Eastern District of New York.

14. Lastly, as named defendant "JOHN DOES 1-2" police officer defendants have not been served, and, as such, need not consent to the removal of this action. See, 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, defendant P.O. Conlin respectfully requests that the instant action now pending before Supreme Court of the State of New York, Kings County, be removed to the

3

United States District Court of the Eastern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
September 27, 2013

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for the City of New York and Police Officer Michael Walsh
100 Church Street
New York, NY 10007
(212) 356-3157
ewest@law.nyc.gov

By: _____
ERIC H. WEST (EW3000)
Special Assistant Corporation Counsel

TO:  RICHARD CARDINALE, ESQ.
Attorney for the Plaintiff
26 Court Street, Suite #1815
Brooklyn, New York 11242
phone: 718-624-9391
richcardinale@gmail.com

4

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------x

MALIK WINDSOR,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM
CONLIN, shield # 7146, tax # 946871, POLICE
OFFICERS JOHN DOES 1-2,

                        Defendants.

---------------------------------------------------------------x

Index no.: 13454/13

**SUMMONS**

Date Purchased: 7/22/13

To the above-named defendants:

City of New York

P.O. Adam Conlin, shield # 7146, tax # 946871

You are hereby summoned to answer the complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff's attorney at the address stated below within twenty days after service of the summons (not counting the day of service itself, or within thirty days after service is complete if the summons is not delivered personally to you within the State of New York. You are hereby notified that should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded in the complaint.

The action will be heard in Kings county because the causes of action arose in Kings County.

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

2/3/13

2013 003417

2013 JUL 22 AM 11:03
KINGS COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------x

MALIK WINDSOR,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM
CONLIN, shield # 7146, tax # 946871, POLICE
OFFICERS JOHN DOES 1-2,

                Defendants.

---------------------------------------------------------x

**COMPLAINT**

Index no.: 13054/2013

**PRELIMINARY STATEMENT**

1. Plaintiff, a resident of Brooklyn who is employed as an after-school counselor, brings this action against the City of New York and three New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**VENUE**

2. This action is properly brought in Kings County because the causes of action arose in this county.

**JURY TRIAL**

3. Plaintiff demands a jury trial.

**STATEMENT OF FACTS**

4. During the evening of February 2, 2013, plaintiff was a passenger in a car driven by his friend Brandon Phillip.

5. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

6. At approximately 9:15 p.m., Police Officer Adam Conlin and two other police officers approached the car which was parked in front of plaintiff's home -- 169 East 92nd Street in Brooklyn.

7. The officers approached the car solely on the basis of plaintiff's and Brandon Phillip's race, which is black.

8. The officers searched plaintiff and found nothing illegal on him.

9. The officers claim to have recovered a small amount of marijuana either in the car or on Brandon Phillip's person.

10. Plaintiff was never in actual or constructive possession of marijuana or any other illegal contraband, marijuana or other illegal contraband was never in plain view, and plaintiff did not know whether his friend Brandon Phillip was in possession of marijuana or other illegal contraband.

11. The officers arrested plaintiff and Phillip and took them to the 67th Precinct.

12. In the precinct, the defendants, acting in concert, falsely charged plaintiff with an unknown crime.

13. Plaintiff was eventually taken to Brooklyn Central Booking.

14. While plaintiff was held in Brooklyn Central Booking, the defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed a crime.

15. On February 3, 2013, at approximately 5:00 p.m., plaintiff was released from custody because the Kings County District Attorney's Office declined prosecution.

16. On March 14, 2013, the criminal charges filed against the driver of the car, Brandon Phillip, were adjourned in contemplation of dismissal.

17. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 20 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

### FIRST CLAIM
### (FALSE ARREST)

18. Plaintiff repeats the foregoing allegations.

19. At all relevant times, plaintiff did not commit a crime or violation.

20. Despite plaintiff's innocence, the defendants arrested plaintiff.

21. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

### SECOND CLAIM
### (FAILURE TO INTERVENE)

22. Plaintiff repeats the foregoing allegations.

23. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

24. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### THIRD CLAIM
### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

25. Plaintiff repeats the foregoing allegations.

26. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

3

27. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

29. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

30. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

31. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

32. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

4

a. Compensatory damages in excess of one million dollars;

b. Punitive damages in excess of one million dollars;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: July 22, 2013

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

5

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x

MALIK WINDSOR,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM
CONLIN, shield # 7146, tax # 946871, JOHN DOES 1-2,

                      Defendants.

---------------------------------------------------------------x

Index. No.: 13054/13

**AFFIDAVIT OF SERVICE**

I, JOHN FOSTER, being sworn, says the following under penalty of perjury:

1. I am not a party to this action, I am over 18 years of age and my process server license number is 1252677.

2. On August 28, 2013, at 8:00 p.m., I served the summons and complaint in this matter on defendant OFFICER ADAM CONLIN by delivering a copy of same to the defendant personally at his place of business, Patrol Borough Brooklyn South Specialized Unit, 397 Coney Island Avenue, Brooklyn, NY 11218.

JOHN FOSTER
26 Court Street, suite 1812
Brooklyn, New York 11242
(917) 873-5400

On 8/29/13, before me personally came and appeared John Foster, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

RICHARD CARDINALE
Notary Public, State of New York
No. 02CA6048513
Qualified in Kings County
Commission Expires Aug 14, 20__