UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIK WINDSOR,

                                        Plaintiff,

           -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM
CONLIN, shield # 7146, tax # 946871, POLICE OFFICER
PIERO LASAPONARA, shield # 7631,

                                        Defendants.

**FIRST AMENDED COMPLAINT**

13 CV 5399 (NGG) (CLP)

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1. Plaintiff, a resident of Brooklyn who is employed as an after-school counselor, brings this action against the City of New York and New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## STATEMENT OF FACTS

6. During the evening of February 2, 2013, plaintiff was a passenger in a car driven by his friend Brandon Phillip.

7. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

8. At approximately 9:15 p.m., Police Officer Adam Conlin and two other police officers approached the car which was parked in front of plaintiff's home -- 169 East 92nd Street in Brooklyn.

9. The officers approached the car solely on the basis of plaintiff's and Brandon Phillip's race, which is black.

10. The officers searched plaintiff and found nothing illegal on him.

11. The officers claim to have recovered a small amount of marijuana either in the car or on Brandon Phillip's person.

12. Plaintiff was never in actual or constructive possession of marijuana or any other illegal contraband, marijuana or other illegal contraband was never in plain view, and plaintiff did not know whether his friend Brandon Phillip was in possession of marijuana or other illegal contraband.

13. The officers arrested plaintiff and Phillip and took them to the 67th Precinct.

14. In the precinct, the defendants, acting in concert, falsely charged plaintiff with an unknown crime.

15. Plaintiff was eventually taken to Brooklyn Central Booking.

16. While plaintiff was held in Brooklyn Central Booking, the defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed a crime.

17. On February 3, 2013, at approximately 5:00 p.m., plaintiff was released from custody because the Kings County District Attorney's Office declined prosecution.

18. On March 14, 2013, the criminal charges filed against the driver of the car, Brandon Phillip, were adjourned in contemplation of dismissal.

19. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 20 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

## FIRST CLAIM
### (FALSE ARREST)

20. Plaintiff repeats the foregoing allegations.

21. At all relevant times, plaintiff did not commit a crime or violation.

22. Despite plaintiff's innocence, the defendants arrested plaintiff.

23. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FAILURE TO INTERVENE)

24. Plaintiff repeats the foregoing allegations.

25. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

26. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## THIRD CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

27. Plaintiff repeats the foregoing allegations.

28. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

29. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

31. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

32. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

33. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

34. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    October 24, 2013

/S/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)